UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES ALVIN CUMMINGS, JR.                CIVIL ACTION

VERSUS                                     NUMBER: 13-4319

MARK McCORMICK, ET AL.                     SECTION: "I"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Charles Alvin Cummings, Jr., against defendants, Detectives Mark McCormick, Kevin Treigle, and Michael Cunningham of the Kenner Police Department.

Plaintiff is a state prisoner who is presently incarcerated at the David Wade Correctional Center, Homer, Louisiana. On August 13, 2009, Cummings was found guilty of being a convicted felon in possession of a firearm following a bench trial in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. See State v. Cummings, 79 So.3d 386 (La. App. 5th Cir. 2011), writ denied, 85 So.3d 693 (La. 2012). On June 16, 2010, Cummings was adjudicated a fourth felony offender under LSA-R.S. 15:529.1 and was sentenced to thirty years without benefit of

parole, probation, or suspension of sentence. Id. at 392-93. In the above-captioned complaint which he filed pursuant to §1983, plaintiff complains of being falsely arrested by the named defendants on December 4, 2008 and their alleged falsification of documents that were generated as a result of the arrest. Plaintiff seeks a substantial amount of compensatory and punitive damages as well as injunctive relief ordering the defendants to provide him with affidavits attesting to the fact that his arrest was unlawful.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or it if fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year.

LSA-C.C. Art. 3492; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint. Helton v. Clements, 832 F.2d 332, 334-35 (5th Cir. 1987).

Plaintiff's §1983 claim regarding the validity of his arrest on December 4, 2008 is clearly prescribed. Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008)(quoting Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091 (2007)). As such, it should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993). Moreover, unless and until plaintiff is able to have his conviction expunged or invalidated by a state or federal tribunal, he has no §1983 claim respecting the validity of his arrest at all. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995).[1]/

## RECOMMENDATION

---

[1]/ The Court declines to construe plaintiff's complaint on habeas corpus grounds as he has not named as the respondent herein his present custodian as required by 28 U.S.C. §2242 and Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts. Nor is the form of his complaint substantially equivalent to that prescribed by Congress for seeking habeas corpus relief under 28 U.S.C. §2254, the use of which is required. Thurston v. Louisiana, No. 09-CV-0013, 2009 WL 1307765 at *1 n.1 (E.D. La. May 11, 2009).

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __10th__ day of _____June_____, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE